IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| JACQUELINE LYNN BRIDGES, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 1:09CV4 |
| | ) | 1:05CR244-1 |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

## MEMORANDUM OPINION AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Petitioner Jacqueline Lynn Bridges, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 30.) Petitioner was indicted for, and pled guilty to, a single count of conspiracy to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1). (Docket Nos. 1, 10, 11.) She was sentenced to 160 months of imprisonment. (Docket No. 16.) Petitioner did file a direct appeal with the Fourth Circuit Court of Appeals, but this proved unsuccessful. (Docket Nos. 26, 27.) She then filed a petition for certiorari with the United States Supreme Court which was denied on June 29, 2007. Bridges v. United States, ___ U.S. ___, 127 S.Ct. 3060 (2007).

Petitioner filed her § 2255 motion in this Court on January 2, 2009. It is dated and signed as having been placed into the prison mailing system on June 5, 2008, but markings on its envelope indicate that it was mailed from prison on December 27, 2008 and post-marked December 29, 2008. Respondent has filed a motion to have the petition dismissed for being untimely. (Docket No. 32.)

Petitioner has filed a response (docket no. 34) and an amended § 2255 motion (docket no. 35). Respondent's motion to dismiss is now before the Court for a decision.[1]

**DISCUSSION**

Respondent requests dismissal on the ground that the motion was filed outside of the one-year limitation period imposed by the Antiterrorism and Effective Death Penalty Act of 1996, P.L. 104-132 ("AEDPA"). 28 U.S.C. § 2255(f). The AEDPA amendments apply to all motions filed under § 2255 after their effective date of April 24, 1996. Lindh v. Murphy, 521 U.S. 320 (1997). Interpretations of 28 U.S.C. §§ 2244(d)(1) and 2255 have equal applicability to one another. Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999).

Under § 2255(f)(1), the limitation period runs from the date when the judgment of conviction became final. Where a petitioner files an appeal, finality has been construed to mean when the petitioner may no longer seek further review because of (1) the denial of a petition for certiorari to the United States Supreme Court; or, (2) the expiration of the time for seeking such review. Clay v. United States, 537 U.S. 522 (2003).

Here, Petitioner did apply for certiorari with the United States Supreme Court, but her petition was denied on June 29, 2007. Therefore, she had until June 29, 2008 to file her § 2255 motion.

---

[1] The motion to dismiss was made only as to Petitioner's original § 2255 motion because her amended motion had not been filed at that time. However, the arguments raised in the motion to dismiss apply equally to Petitioner's original and amended motions. The Court will treat the motion to dismiss as being made as to both the original § 2255 motion and the amended motion.

Petitioner's original § 2255 motion is labeled, signed and dated as being mailed on June 5, 2008 from Hazelton S.F.F. in West Virginia. However, its envelope plainly states that it was mailed from F.C.I Waseca in Minnesota on December 27, 2008.[2] It is postmarked December 29, 2008 and it was received by the Court on January 2, 2009. If it was mailed from Hazelton in June, the motion is timely. If mailed from Waseca in December, it clearly is not.

In response to Respondent's motion to dismiss, Petitioner states that she signed the original § 2255 motion and took it in a sealed priority mail envelope to the mailroom at Hazelton in March or April of 2008. She apparently gave it to "Mr. Mapphily" to be mailed and paid him the appropriate postage. (Docket No. 34.) She states that shortly after that he "trained another officer for the job of mailroom clerk, a Mr. Murphy, as Mr. Mapphily was walked off compound for having a relationship with an inmate." (Id.) She then claims that she mailed the motion on the date she signed "on the back of the paperwork"[3] and that she did not see the motion again until it was returned to her with no postage near Christmas of 2008 at Waseca. (Id.) She asserts that she remailed the motion to the Court at that time. Petitioner asks that her motion be treated as timely.

It is first worth noting that Petitioner's statement that she first mailed her motion in March or April of 2008 is unsworn.

---

[2]Unrelated motions submitted by Petitioner in the early spring of 2008 indicate that she was at Hazelton SFF at that time. (Docket Nos. 28, 29.) It is not clear when she was transferred to F.C.I. Waseca.

[3]Her original § 2255 motion has no signature on the back.

-3-

However, even ignoring that fact, the Court is not necessarily bound to accept that statement, but can reject it if it is "frivolous or patently absurd on its face." Raines v. United States, 423 F.2d 526 (4th Cir. 1970); see also, United States v. White, 366 F.3d 291 (4th Cir. 2004)(applying this standard in context of attempt to challenge guilty plea). For several reasons, Plaintiff's statement regarding her mailing of the package clearly is patently absurd, if not frivolous, on its face.

First, the § 2255 motion itself states that it was mailed on June 6, 2008. This date stands in contradiction to Petitioner's later claim that she mailed it in March or April of 2008. Second, Petitioner has included no proof of her claim of an earlier mailing, such as the envelope that was allegedly returned to her at Waseca. Further, the § 2255 motion submitted in January of 2009 has an attachment which Petitioner signed with an address of "FCI Waseca." Had the motion actually been sent in March or April or any other month from Hazelton, it could not contain such an attachment. Petitioner apparently was not transferred to Waseca until sometime later. The Court file also contains a letter which Petitioner asked to have inserted into the file on January 26, 2009. Attached to that is a letter from Petitioner's attorney indicating that she was sending him letters asking for assistance in November and December of 2008. These were the months immediately preceding the Court's receipt of her § 2255 motion. Finally, Petitioner's amended motion states that it is being filed more than a year after her conviction became final because

-4-

Petitioner is a layperson in the law who had trouble understanding the law and her claims and who has been learning legal research. It makes no mention of any mailing difficulties, even though the claims raised in it are the same as, or related to, the claim in the original motion.

Overall, the record is clear that Petitioner was adding attachments to her § 2255 motion and seeking help from counsel in late 2008, well after her motion was dated as having been mailed from Hazelton. Not only this, but she has given contradictory information in her different statements to the Court. Her claim that she mailed her motion in a timely fashion only to have it lost for six months or more through mailroom malfeasance at Hazelton is "frivolous or patently absurd on its face." Her motion was mailed from Waseca on December 27, 2008 and is untimely under 28 U.S.C. § 2255(f)(1). Only if another subsection gives Petitioner more time to file will her motion be timely.

Section 2255(f)(2) requires an unlawful governmental action which prevented Petitioner from filing her § 2255 motion. Petitioner fails to allege or show that any unlawful governmental action prevented her from filing this motion. Therefore, subsection two does not give Petitioner a longer limitation period.

Section 2255(f)(3) allows the limitation period to run from the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized and made retroactively applicable to cases on collateral review. Petitioner

-5-

Case 1:05-cr-00244-TDS   Document 37   Filed 04/15/09   Page 5 of 7

does not allege that she is relying upon any such right.  This subsection does not apply.

Section 2255(f)(4) allows the limitation period to run from the date on which the facts supporting the claims presented could have been discovered through the exercise of due diligence.  Petitioner's claims in her original and amended motions are based on facts that existed and were known to her at the time of her conviction.  Therefore, this subsection also does not apply.  Petitioner's motion is untimely.

Petitioner does ask in her amended motion that it be treated as timely because of her lack of understanding of the law and her difficulties in conducting research and understanding her claims.  This is essentially a request for equitable tolling.  The Fourth Circuit and a number of other courts have held that the one-year limitation period is subject to equitable tolling.  <u>Harris v. Hutchinson</u>, 209 F.3d 325 (4th Cir. 2000); <u>Sandvik</u>, 177 F.3d at 1271 (collecting cases).  Equitable tolling may apply when the petitioner has been unable to assert claims because of wrongful conduct of the government or its officers.  A second exception is when there are extraordinary circumstances, such as when events are beyond the prisoner's control and the prisoner has been pursuing her rights diligently.  <u>Pace v. DiGuglielmo</u>, 544 U.S. 408 (2005); <u>Harris</u>, 209 F.3d 325; <u>Akins v. United States</u>, 204 F.3d 1086 (11th Cir. 2000).  Circumstances beyond a prisoner's control occur if she has been prevented in some extraordinary way from exercising her rights.  <u>See</u> <u>Smith v. McGinnis</u>, 208 F.3d 13 (2d Cir. 2000).  This

might occur where a prisoner is actively misled or otherwise prevented in some extraordinary way from exercising her rights. Coleman v. Johnson, 184 F.3d 398, 402 (5th Cir. 1999). On the other hand, unfamiliarity with the legal process, lack of representation, or illiteracy does not constitute grounds for equitable tolling. Harris, 209 F.3d 325; Turner v. Johnson, 177 F.3d 390, 392 (5th Cir. 1999).

Here, Petitioner points only to her pro se status and lack of legal knowledge and understanding. These are ordinary, rather than extraordinary, circumstances. She is not entitled to equitable tolling, her motion and amended motion are untimely, and they should be dismissed.

**IT IS THEREFORE RECOMMENDED** that Respondent's motion to dismiss (docket no. 32) be granted, that Petitioner's motion and amended motion to vacate, set aside or correct sentence (docket nos. 30, 35) be dismissed, and that Judgment be entered dismissing this action.

                                           /s/ Donald P. Dietrich
                                             **Donald P. Dietrich**
                                   **United States Magistrate Judge**

April 15, 2009